United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA SMITH,<br>   Plaintiff,<br>  v.<br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br>   Defendants. | Case No. 15-cv-04497-TEH<br><br>**ORDER DENYING MOTION TO CHANGE TIME** |

Defendants United States Department of Agriculture ("UDSA") and Tom Vilsack and Defendant Will Lightbourne separately filed Motions to Dismiss in this matter on February 11, 2016. Docket Nos. 30, 31. The following day, this Court issued a notice that the case management conference previously scheduled for February 29, 2016 was continued to June 13, 2016. Docket No. 32. On February 22, 2016, Plaintiff Angela Smith filed a Motion to Change Time: Request for Earlier Initial Case Management Conference. Docket No. 33 ("Mot."). The Defendants separately and timely opposed Plaintiff's Motion to Change Time. Docket Nos. 35, 36 ("USDA Opp'n" and "Lightbourne Opp'n," respectively).

At the heart of Plaintiff's request is her argument that she cannot effectively oppose the pending Motions to Dismiss without further development of the record. Mot. at 1. Specifically, Plaintiff argues that "Discovery is necessary to defend against the pending motions to dismiss because the motions raise factual allegations contrary to those in the complaint, and allege facts based on information that is available unilaterally to Defendants." *Id.* But the Court agrees with Defendants that a Motion to Change Time is not the appropriate vehicle for Plaintiff's concerns. *See* USDA Opp'n at 5 ("[T]he place for [Plaintiff] to make such an argument is in her opposition to the motion to dismiss which provides the more efficient vehicle for evaluating these arguments."); Lightbourne Opp'n at 4 ("Plaintiff can most appropriately submit an affidavit with her response to the

Director's motion to dismiss, identifying with specificity what additional discovery is needed against the Director to respond to particular arguments raised in his motion."). *See also Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (affirming denial of request for further discovery to oppose a motion to dismiss, where plaintiffs had submitted an affidavit requesting discovery of particular documents and depositions). The Court therefore finds that addressing Plaintiff's contentions regarding discovery in the context of the Motions to Dismiss is more efficient than an earlier case management conference, as it will prevent litigation of what may prove to be irrelevant discovery disputes.

Accordingly, Plaintiff's Motion to Change Time is hereby DENIED, and all briefing, hearing, and case management deadlines remain unchanged. If Plaintiff should find that she cannot effectively oppose the Motions to Dismiss without further discovery, she is directed to identify her specific discovery needs in an affidavit attached to her oppositions to the Motions to Dismiss. The Court will at that time, in the context of the Motions to Dismiss, determine whether it agrees with Plaintiff that further discovery is warranted.

**IT IS SO ORDERED.**

Dated: 03/01/16

THELTON E. HENDERSON
United States District Judge

2